# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAMON TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE JAIME, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-01791-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

### I.      Background

Plaintiff Namon Taylor ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  The action was transferred to this Court on November 26, 2025.  (ECF No. 11.)

On May 6, 2026, the Court screened Plaintiff's second amended complaint and found that he stated a cognizable claim against Defendants Correctional Officer Phan and Correctional Officer Jane Doe related to his conditions of confinement in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendants.  (ECF No. 21.)  The Court ordered Plaintiff to either file a third amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court.  (*Id.*)  On June 1,

1

2026, Plaintiff notified the Court that he does not intend to amend his complaint,[1] and he is willing to proceed only on the cognizable claim identified by the Court.  (ECF No. 23.)

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A.    Plaintiff's Allegations

The events in the second amended complaint are alleged to have occurred while Plaintiff was housed at California City Correctional Facility.  Plaintiff names the following defendants: (1) California Department of Corrections and Rehabilitation ("CDCR"), (2) California City Correctional Facility ("CCCF"), (3) Correctional Officer Phan, (4) Correctional Officer Sgt. T.

[1] Plaintiff notes his belief, however, that Sgt. T. Micheal should be held liable for his party in reviewing his initial 602 and denying that a violation ever occurred.  (ECF No. 23.)

2

Michael, (5) Correctional Officer Jane Doe, (5) Correctional Officer John Doe.  Plaintiff also alleges these defendants are "among others."

In January 2022, Plaintiff was on quarantine as an inmate at CCCF. During this time, the toilet in his cell backed up, filling and clogging the bowl with brown feces, urine, and used pieces of tissue.  Plaintiff immediately reported the incident to Correctional Officer John Doe as well as the officer in the Control booth.  Plaintiff was told by both individuals that a plumber would be on the way.  The plumber never showed up.  Over the next seven to eight days, Plaintiff spoke to multiple officers including those who seemed to run the unit, Correctional officer Phan and Correctional officer Jane Doe, in the control booth (via cell intercom) about the nonfunctioning toilet.  Plaintiff was repeatedly told by these officers that a work order to fix the toilet was put in, and the plumber was on his way.  Again, the plumber never showed up. Plaintiff claims there was inadequate training of CDCR staff and delayed appeal review process which led to his prolonged stay in the nonfunctioning cell.

Plaintiff alleges that the cells were set up in a way that connects the sink and toilet, so water from the sink runs down into the toilet to be flushed.  This connection was devastating to Plaintiff's well-being since Plaintiff was made to eat smaller portions or not at all to refrain from needing to use the restroom.  Plaintiff also stopped drinking water or be forced to urinate on the floor, due the contents of the toilet.  Limited water usage also prevented Plaintiff from washing his face, brushing his teeth, washing his only set of undergarments and more.  Plaintiff was stressed out mentally and physically.

Plaintiff filed a 602 asking for repairs or a cell move.  Neither happened.  After the eighth day of living in these conditions, Plaintiff was transferred to a different part of the correctional facility – general population.  Not long after the move and on two separate occasions, Plaintiff woke up because blood had discharged from his genitals while he slept.  His 602 was denied as moot.

Plaintiff seeks compensatory and punitive damages.

///

///

3

**B.      Discussion**

        **1.      Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is short but not a plain statement of his claims.  Plaintiff's complaint does not clearly state what happened, when it happened, and who was involved.  Additionally, Plaintiff's conclusory statements and legal conclusions are not sufficient to state a cognizable claim for relief.

        **2.      Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's complaint fails to adequately link Defendant Sgt. T. Michael and John Doe to any action or omission alleged to have violated his rights.

4

### 3.    Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Therefore, Plaintiff cannot pursue claims for damages against the CDCR or CCCF in this action.

### 4.    Supervisory Liability

Insofar as Plaintiff is attempting to sue Defendant Warden, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established

when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff does not allege that Defendant Warden was personally involved in any constitutional deprivation. Plaintiff does not allege plausible facts that Defendant Warden knew that Plaintiff's placement in the cell or condition of the cell. Further, Plaintiff fails to identify any policy sufficient to impose liability against Defendant Warden. Plaintiff's conclusory allegations are insufficient.

Plaintiff forwards a claim against Defendant Warden based on the alleged failure to adequately train officers. A "failure to train" or "failure to supervise" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 387–90 (1989). To establish a failure-to-train/supervise claim, a plaintiff must show that "'in light of the duties assigned to specific officers or employees, the need for more or different training [or supervision] [was] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'" *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (quoting *Canton*, 489 U.S. at 390).

Ordinarily, a single constitutional violation by an untrained employee is insufficient to

demonstrate deliberate indifference for purposes of failure to train.  *Connick v. Thompson*, 563 U.S. 51, 62 (2011).  Instead, a plaintiff must usually demonstrate "[a] pattern of similar constitutional violations by untrained employees," *id.*, unless the need for training is "so obvious" and "so likely to result in the violation of constitutional rights," that "the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury," *Canton*, 489 U.S. at 390.

### 5.    Eight Amendment - Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations & quotations omitted). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference in doing so.' " *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). To state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. *Id.* at 731.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer*, 511 U.S. at 834.  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

7

Objectively, extreme deprivations are required to make out a conditions-of-confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Although the Constitution "'does not mandate comfortable prisons,'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), "inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time," *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

"'The occasional presence of a rodent is insufficient to establish the objective component of an Eighth Amendment claim, which requires that a deprivation be sufficiently serious.'" *Jackson v. Walker*, 2009 WL 1743639 at *8 (E.D. Cal. 2009) (quoting *Tucker v. Rose*, 955 F. Supp. 810, 816 (N.D. Ohio 1997). However, a "lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314 (9th Cir.), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995). *See also Taylor v. Riojas*, 141 S. Ct. 52, 53–54 (2020) (finding no qualified immunity to officers who housed inmate "in cells teeming with human waste" for six days).

At the pleading stage, Plaintiff states a cognizable claim against Defendants Correctional Officer Phan and Correctional Officer Jane Doe related to his conditions of confinement. Over seven to eight days, Plaintiff spoke to multiple officers including those who seemed to run the unit, Defendants Correctional Officer Phan and Correctional Officer Jane Doe, in the control booth (via cell intercom) about the nonfunctioning toilet. Plaintiff fails to state a claim against any other defendant. Plaintiff does not allege he repeatedly told other defendants of the condition of his cell or identify who those individuals are.

### 6.     Grievance Process

Although not entirely clear, Plaintiff may be attempting to base his claims on the denial of his grievances. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance

8

procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993); *see also Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. *Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018). Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening, processing, or denial of his grievances or complaints.

### 7. Doe Defendants

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe (i.e., an unknown defendant) cannot be served by the United States Marshal until Plaintiff has identified him or her as an actual individual. Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. Plaintiff will be given the " 'opportunity through discovery to identify the unknown [Doe] defendants.' " *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (quoting *Gillespie*, 629 F.2d at 642). Once the identity of the Doe defendant is ascertained, Plaintiff must file a motion to amend his complaint only to substitute a name for John Doe so that service by the United States Marshal can be attempted.

### III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's second amended complaint states a cognizable claim against Defendants Correctional Officer Phan and Correctional Officer Jane Doe related to his conditions of confinement in violation of the Eighth Amendment. However, Plaintiff's second amended complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

///

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint against Defendants Correctional Officer Phan and Correctional Officer Jane Doe related to his conditions of confinement in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 10, 2026**                    /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

10